GRIMES, Judge.
The appellant pled guilty to aggravated assault and was placed on four years’ probation, conditioned on his spending one year in jail. Thereafter, he was charged with violating his probation. At his revocation hearing, at which he was represented by counsel, he pled guilty to a charge of violating his probation by reason of having left the jail without permission. Thereupon, the court revoked his probation and sentenced him to three years in prison.
Appellant contends that the trial court failed to make an affirmative determination that his plea of guilty to the charge of violating his probation was freely and voluntarily given. The appellant maintains that the strict requirements of guilty pleas in original criminal proceedings which were established in Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed. 2d 274, must be carried over to a proceeding involving the revocation of probation. We disagree.
Section 948.06, Florida Statutes, F. S.A., states that at a hearing on revocation of probation, the court shall advise the probationer of the charge of violation. The statute further provides that if such charge is admitted, the court may revoke the probation. While appellant was advised of the charge of violation and admitted that he understood that a guilty plea would open up his original sentence for reconsideration, there was no affirmative inquiry into whether the plea was voluntarily and freely given. Hence, the record might not stand the scrutiny of Boykin had this been a plea to an original criminal charge, but we do not need to decide that question. A hearing for the revocation of probation need not meet the strict requirements of a criminal trial. It is enough that a hearing be held in which evidence is taken and in which the probationer has a reasonable opportunity to present his position. McNeely v. State, Fla.App.1966, 186 So.2d 520.
Here, appellant was represented by counsel, and the record reflects that he knew what he was doing when he made his plea. There was no contention that the plea was not freely and voluntarily given. While such a contention was said to be irrelevant in Boykin, we have concluded that the requirements of Boykin need not be fulfilled to the letter in a hearing on revocation of the privilege of probation.
Affirmed.
MANN, C. J., and BOARDMAN, J., concur.